UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WILLIAM THROWER, | ) | |
| | ) | Civil No. 11-291-GFVT |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| U.S. BUREAU OF PRISONS, | ) | **AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

William Thrower is an inmate currently confined at the Federal Correctional Institution in Talladega, Alabama. This matter is before the Court on his request for permission to file an amended complaint [R. 22] and to reconsider the Middle District of Pennsylvania's order transferring this action to this Court. [R. 23.] Having reviewed the complaint,[1] the Court will grant his motion to amend his complaint, partially grant his request for reconsideration and transfer claims arising out of events in U.S.P. - Lewisburg to the Middle District of Pennsylvania, and dismiss the remainder of the claims asserted in the complaint.

---

[1] Federal law requires the Court to conduct a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because Thrower does not have an attorney, the Court interprets his complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage, the Court assumes his factual allegations as true and his complaint is broadly construed to state any viable legal claims suggested by the facts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

1

**I.**

On July 13, 2011, Thrower, proceeding without counsel, filed a motion in the Western District of Missouri seeking an injunction to prevent the Bureau of Prisons from transferring him back to the Special Management Unit (SMU) of the United States Penitentiary in Lewisburg, Pennsylvania. *Thrower v. Bureau of Prisons*, No. 11-3267-CV-S (W.D. Mo. 2011). [R. 1.] At the time, Thrower was incarcerated at the United States Medical Center for Federal Prisoners (USMCFP) in Springfield, Missouri. A SMU is a section of a prison with particularly restrictive conditions of confinement where inmates with a history of gang-related violence or moderate to severe disciplinary infractions are placed to undergo a course of rehabilitative programming over the course of 18-24 months. BOP Program Statement 5217.01 § 1 (Nov. 2008).

Thrower's motion and supporting materials indicate that two years earlier, on April 15, 2009, he was transferred from the United States Penitentiary - McCreary in Pine Knot, Kentucky, to the SMU at the U.S.P. - Lewisburg. [R. 1 at 2.] Thrower alleges that in 2009 he did not receive a hearing prior to this transfer as required by BOP Program Statement 5217.01 § 3(b); that he did not fit the criteria for designation to the SMU; and that designation would deny him access to needed psychiatric and medical care. [R. 1-1 at 2-3.] Two days after his original arrival at the SMU in Pennsylvania, on April 17, 2009, he suffered a traumatic head injury when another inmate assaulted him. [R. 1 at 14.]

Additional documents submitted by Thrower provide greater detail into these events. Thrower indicates that a hearing regarding his placement in the SMU was, in fact, held on February 17, 2009, but that he did not attend it because a unit officer interpreted his prior refusal to sign a Pre-Hearing Notice, which explains the purpose and scope of the hearing, as a refusal to attend the hearing at all. [R. 1 at 7, 8.] Thrower states that he was informed on April 9, 2009,

2

that he had been designated to the SMU on April 1, 2009. While Thrower complained to unit staff that he had been improperly excluded from the hearing and that the grounds for designation to the SMU were insufficient, he indicates that he did not file a formal appeal to the BOP's Central Office as required by PS 5217.01 §3(d) because statements from staff led him to believe that any appeal would come too late to prevent his transfer. [R. 1 at 9-11.]

On April 17, 2009, two days after his transfer to the SMU at U.S.P. - Lewisburg in Pennsylvania, Thrower was attacked by his cellmate. Thrower was discovered semi-conscious in his cell with severe bruising all over his head and eyes. Thrower was immediately hospitalized, where he remained comatose for approximately four weeks. [R. 1 at 15.] After he regained consciousness and was presumably medically stable, he was then transferred to USMCFP in Springfield, Missouri, where he remained until July 19, 2011.

On March 7, 2011, Dr. Robert L. Denney, Psy. D., prepared a report following a neuropsychology consultation. In that report, he indicated that Thrower continued to suffer from amnesia and severe cognitive impairment after extensive treatment at USMCFP as a result of the assault. [R. 1 at 15-17.] While at USMCFP, Thrower was interviewed by BOP staff and accepted for participation in the SKILLS program, which consists of basic interpersonal skills and impulse control training for transition back into society. However, BOP staff, presumably those at the BOP's Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas, had some questions about Thrower's eligibility to participate in that program because he had never completed the SMU programming required by his prior designation. [R. 1 at 18.] In a May 12, 2011, Addendum to his prior report, Dr. Denney opined that Thrower's chances for future improvement were significantly better in the SKILLS program than the SMU. [R. 1 at 20.]

3

Presumably while awaiting the BOP's decision on his transfer, on July 13, 2011, Thrower filed his motion in the Western District of Missouri to enjoin the BOP from returning him to the SMU program. [R. 1.] Shortly thereafter, on July 19, 2011, Thrower was transferred to the Federal Correctional Institution in Talladega, Alabama, a medium security facility, where he continues to reside as of this writing. [R. 4, 5.] FCI - Talladega is one of five BOP institutions which operates a SMU in its Alpha wing.

The Western District of Missouri construed Thrower's motion for an injunction as seeking relief under 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and ordered him to file an amended complaint on court-supplied forms. [R. 2 at 2.] In compliance with that order, Thrower filed an amended complaint. [R. 7.] Filed after his transfer to FCI - Talladega, the amended complaint names several additional defendants, including the warden at U.S.P. - McCreary, the warden at U.S.P. - Lewisburg, "EMS," and the "BOP DSCC." [R. 7 at 1.] It also expands the scope of Thrower's claims, and includes allegations that he slipped and fell while working at USP-McCreary in the middle of 2008, and that in October 2008 he "had a conflict with a gang member." Thrower requests compensatory, nominal, and punitive damages. [R. 7at 4.]

On September 21, 2011, the Western District of Missouri transferred the action to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) because a substantial part of the events took place there, and relevant records and witnesses could be found there. [R. 10.] One month later, on October 24, 2011, that court in turn transferred the case to this Court. [R. 19.] In doing so, that court noted that "[i]n his initial pleading, ... [Thrower] seeks an injunction preventing employees and officials at USP-McCreary and the Federal Bureau of Prisons from transferring him in retaliation for his complaints about not receiving a 'pre-SMU hearing.' (Doc.

4

1)" [R. 19 at 1 n.1.] While that statement accurately summarizes Thrower's initial pleading, [R. 1] it does not appear to have accounted for his amended allegations [R. 7] or fully appreciate that Thrower sought injunctive relief against BOP staff at USMCFP in Springfield, Missouri, where he resided at the time of its filing, rather than against staff at U.S.P. - McCreary, where he had not resided since his transfer in April 2009.

## II.

Following the transfer of the action to this Court, Thrower moved to amend his complaint. [R. 22.] The purpose of the amendment appears to be to clarify that the defendant "EMS" refers to "the EMS team of the County of Pennsylvania ..." [R. 22-1 at 2] and the defendant "BOP DSCC" refers to the Bureau of Prisons' Designation and Sentence Computation Center. [R. 22-1 at 4.] A plaintiff is entitled to amend his or her pleading once as a matter of right if done within twenty-one days after a responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(B); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). Thrower has moved to amend his complaint before the complaint has been served or the defendants have filed a response, and the motion will therefore be granted. *Broyles v. Corr. Medical Servs.*, No. 08-1638, 2009 WL 3154241 (Jan. 23, 2009). As a technical matter, Thrower's motion contains only a clarification of his earlier pleading: Thrower has not tendered an amended complaint. However, the Court will liberally construe Thrower's complaint [R. 7] as clarified by his motion [R. 22] to constitute his complaint in this matter.

Thrower has also filed an objection to and reconsideration of the Middle District of Pennsylvania's order transferring the case to this Court. [R. 23.] Thrower contends that his initial pleading contained only a request for an order enjoining his transfer to the SMU [R. 1] and that his subsequent complaint [R. 7] involved allegations which should be considered together

5

with those claims arising out of events transpiring in Pennsylvania. For the reasons stated below, the Court will grant the motion in part and deny the motion in part.

Thrower's complaint can be construed to include claims arising out of his injury after he slipped and fell while working at his prison job at U.S.P. - McCreary in mid-2008, and that he had "a conflict" with another prisoner there in October 2008. [R. 7 at 4.] However, any such claims would be barred as a matter of law. First, federal law requires a plaintiff to file a complaint asserting *Bivens* claims arising from conduct occurring in Kentucky no later than one year after the events giving rise to the claim. Ky. Rev. Stat. 413.140(1)(a); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir.1990). Thrower's complaint was filed in July 2011, nearly three years after his work-related injury and the assault by another inmate. Doubtless the assault he later suffered in April 2009 and the recovery period which ensued would warrant some period of tolling. However, Thrower offers no explanation for his decision to delay filing suit for nearly three years, and his current claims have been asserted well beyond the passing of the statute of limitations.

Apart from this consideration, relief under *Bivens* is not available because the exclusive remedy for prisoners injured while performing work in prison is provided by the Inmate Accident Compensation Act, 18 U.S.C. § 4126. *United States v. Demko*, 385 U.S. 149 (1966); *Bates v. Elwood*, 2208 WL 2783190, at *7-8 (E.D. Ky. 2008). Finally, the only defendant named by Thrower who resides in Kentucky is the "warden of U.S.P. - McCreary." Thrower, however, has failed to allege that the warden was in any way personally involved in either of the events in 2008, *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003), and the warden is not vicariously liable for constitutional torts committed by his subordinates merely by virtue of his

supervisory capacity. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). These claims must therefore be dismissed with prejudice.

Thrower also appears to claim injury and resulting harm from the BOP's decision to transfer him from U.S.P. - McCreary to the SMU at U.S.P. - Lewisburg on April 15, 2009. [R. 7 at 4.] This claim also fails as a matter of law. While this claim is likely also time-barred, it suffers from other fundamental defects. First, Thrower's complaint and supporting materials indicate that while he made numerous informal attempts to challenge his designation to the SMU, [R. 22-3 at 23-30] he never invoked the formal appeal process provided by Program Statement 5217.01 § 3(d). [R. 22-3 at 31.] That section expressly provides that "the inmate may proceed with the appeal while housed in the SMU." Thrower therefore failed to exhaust his administrative remedies as required by 28 U.S.C. § 1997e(a). While failure to exhaust administrative remedies is an affirmative defense which ordinarily must be raised by the defendants, *Jones v. Bock*, 549 U.S. 199, 211 (2007), a court may dismiss a claim on its own motion for failure to exhaust administrative remedies where that failure is evident from the face of the complaint and supporting materials. *Frost v. Stalnaker*, 2009 WL 3873666, at *2-3 (S.D. Ohio Nov. 18, 2009) (collecting cases); *Ghosh v. McClure*, 2007 WL 400648, at *6 n.3 (S.D. Tex. Jan.31, 2007) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the issue of exhaustion *sua sponte* or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit").

Further, the decision to transfer an inmate into the SMU is not made by the warden, but by DSCC after a report is prepared by a hearing officer. PS 5217.01 § 3(b), (c). Because the warden was not personally involved in the decision about which Thrower complains, the claim

against him must be dismissed. As for the DSCC, it is merely an administrative unit within the BOP, and is therefore not an entity amenable to suit under *Bivens*. *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). Finally, because placement in the SMU does not impose hardships upon a prisoner that are "atypical and significant," due process concerns are not implicated, and Thrower's constitutional claims are substantively without merit. *Mackey v. Smith*, 249 F. App'x 953, 954 (3d Cir. 2007); *Milhouse v. Bledsoe*, 2011 WL 332417, at *5 (M.D. Pa. 2011) (collecting cases).

Thrower's complaint also vaguely indicates that, following his transfer to the SMU at U.S.P. - Lewisburg, on April 17, 2009, he was placed in a cell with a member of the same gang, presumably the same gang as the inmate with whom he had a confrontation in October 2008. [R. 7 at 4.] Thrower has named the warden at U.S.P. - Lewisburg and the EMS, presumably the Emergency Medical Services team that provided him medical care following the assault, as defendants. While Thrower's *Bivens* claims are subject to Pennsylvania's two year statute of limitations, *Keys v. U.S. Dept. of Justice*, 285 F. App'x 841, 845 (3d Cir. 2008), the limitations period may have been tolled pending his recuperation such that his claims were timely asserted. Regardless, this Court lacks personal jurisdiction over nonresident defendants for claims arising from acts done outside of and unrelated to this jurisdiction. *Thomas v. Ashcroft*, 470 F.3d 491 (2d Cir. 2006); *Scinto v. Federal Bureau of Prisons*, 608 F. Supp. 2d 4, 8 (D.D.C. 2009). Rather than dismiss those *Bivens* claims without prejudice, potentially creating a statute of limitations concern, the Court will sever those claims and transfer them to the Middle District of Pennsylvania, for resolution alongside Thrower's pre-existing claims under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, arising out of the same facts. *Thrower v. United States*, No. 1:11-CV-1663-CCC (M.D. Penn. 2011).

8

Finally, to the extent Thrower is attempting to challenge the BOP's July 2011 decision to transfer him to the SMU at FCI - Talladega, the Court will dismiss those claims without prejudice. While those claims would appear to be without substantive merit for the reasons identified above, Thrower has also not named an individual or entity capable of being sued nor involved in the decision to transfer him to that institution. The DSCC, as a part of the BOP, is not amenable to suit in a *Bivens* action, *Okoro*, 63 F. App'x at 184, and neither the warden of U.S.P. - McCreary, or U.S.P. - Lewisburg were involved in the 2011 placement determination when he was in custody at USMCFP.

Accordingly, it is **ORDERED** as follows:

1. Thrower's motion to amend/correct his complaint [R. 22] is **GRANTED**.

2. Thrower's motion for reconsideration [R. 23] is **GRANTED IN PART** and **DENIED IN PART.**

3. Any and all *Bivens* claims asserted in the complaint related to events occurring at U.S.P. - McCreary involving plaintiff William Thrower, including his 2008 work-related injury, his October 2008 conflict with another prisoner, and his April 2009 transfer to the SMU located at USP - Lewisburg are **DISMISSED WITH PREJUDICE**.

4. Any and all *Bivens* claims asserted in the complaint related to plaintiff William Thrower's placement in a cell with a dangerous inmate and the sufficiency of the medical care he received following an assault by that inmate while housed at U.S.P. - Lewisburg in Lewisburg, Pennsylvania are **SEVERED** from this action and **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 118(b).

     5.     Any and all *Bivens* claims asserted in the complaint related to the Bureau of Prisons' July 2011 transfer of plaintiff William Thrower to the SMU located at FCI - Talladega are **DISMISSED WITHOUT PREJUDICE**.

     6.     The Court will enter an appropriate judgment.

     7.     This matter shall be stricken from the active docket of the Court.

This 31st day of May, 2012.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge